SOUTHERN SURETY CO. et al. v. SEAGRAVES et al.   (No. 7392.)

(Court of Civil Appeals of Texas. Galveston. June 7, 1917.)

1. INDEMNITY ☞9(1)—VALUATION.

In an action against a surety company on an indemnity bond required to be given by the charter of a motorboat, the lessor is not bound by a valuation of $5,000 inserted in the charter when it was thought that no marine insurance could be procured and that lessee would furnish only an indemnity bond for $5,000 covering the loss of the boat, and also the other loss and damage provided against in the contract, when it is apparent that it was not intended as and is not its real value, and such figure was inserted to protect the owner in the event of loss to the full extent of the required bond.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16.]

2. INDEMNITY ☞9(1) — CONSTRUCTION OF BOND.

Where a lease of a motorboat provides that the charterer should furnish a marine insurance policy in the sum of $5,000 and a surety bond in the sum of $1,000 to cover loss not fully covered by the policy, and such surety bond obligates the company to indemnify owners against loss or damage to boat to extent of $1,000, and it is proven that the boat is worth more than $6,000, the insured is entitled to recover on the bond, though no loss other than the value of the boat was sustained, since such loss was not fully covered by the policy, and loss other than the value of the boat was not covered by the policy at all.

[Ed. Note.—For other cases, see Indemnity, Cent. Dig. § 16.]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by O. R. Seagraves and another against the Southern Surety Company and another. Judgment for plaintiffs, and defendants appeal. Affirmed.

W. B. Lockhart and Stewarts, all of Galveston, for appellants. Marsene Johnson, Elmo Johnson, Roy Johnson, and Marsene Johnson, Jr., all of Galveston, for appellees.

PLEASANTS, C. J. This suit was brought by appellees, O. R. Seagraves and W. C. Beers, against appellants, Southern Surety Company and T. J. Anderson, to recover upon a bond of indemnity and insurance execut-

ed by the appellants and payable to appellees.

The bond sued on was given to indemnify and insure appellees, who were at the time the bond was executed engaged in business under the firm name and style of Pearce Forwarding Company, against loss or damage to the motor freight boat Mary Mc, which appellees had contracted to lease to the appellant T. J. Anderson, and bound and obligated appellants to pay to appellees the sum of $1,000, conditioned:

"That if the above-bounden T. J. Anderson, which (who) has entered into the foregoing and attached lease, rental, and charter contract with the said Pearce Forwarding Company as owner for the lease and charter of the motor freighter Mary Mc shall well and truly pay the said Pearce Forwarding Company all and singular the amounts, payments, and obligations, and fully discharge all of the debts, liens, and liabilities and charges of whatsoever nature in said contract mentioned and provided for within the time and in the manner in said attached contract specified and provided for, and shall return and deliver the said motor freighter Mary Mc and all of her fixtures, appurtenances, and appliances to the said Pearce Forwarding Company, their heirs and assigns or legal representatives, in a like condition as when received by it, the said principal, under said contract, usual wear and tear only excepted, within the time and in the manner therein stipulated, and shall further well and truly, keep and perform, or cause to be kept and performed, all and singular its said premises, covenants, agreements, stipulations, and obligations, as 'charterer' in said contract made and provided for, and shall pay off and discharge any and all liens, claims, damages, demands, or charges, including reasonable attorney's fees, that may be brought against the said boat or vessel, or the owner thereof based upon any actions of omission or commission during the life of this lease, or any extension thereof, then and in that event this obligation shall terminate and be of no further force and effect, but not otherwise."

The charter or contract for the lease of the boat referred to in the bond was executed on November 10, 1914. The provisions of said contract which are material to the questions presented by this appeal are the third, fourth, and last paragraphs, said last paragraph having been executed after the original agreement, but being attached thereto and made a part thereof, as follows:

"Third. It is expressly agreed and stipulated hereby that said charterer assumes all marine risks, damages, casualties, charges, or liabilities against, for, or on account of said twin screw freighter Mary Mc during the full period of this rental contract, or any extension thereof, and shall provide and pay for all provisions, wages, consular, shipping, and discharging fees, and all wages of captain, officers, and crew or claims by any of such, and for any insurance on said vessel and for all stores, provisions, outfitting, and maintenance of said boat, and for all port charges, pilotages, agencies, commissions, consular charges, and for any and all other charges, damages, liabilities, or claims of, against, or on account of the said boat during the entire time that it handles or controls the same, and of whatever kind and character, and whether under the laws of the state of Texas, or of the United States, or of any foreign country, and the said charterer further obligates itself to comply with all of the laws, rules, and regulations provided for under the laws of the United States of America relating to navigation of boats of this character and procuring at his own cost, expense, and risk all proper papers that may be required, and that it will use said boat for no other than lawful purposes, and shall pay any and all penalties, assessments, or damages of whatsoever kind or character that may be assessed against said boat or vessel during the period of this charter or any extension thereof, whether assessed by the government of the United States or any agency thereof, or any foreign government or agency thereof, and shall hold the owner free and harmless from any and all claims, demands, suits at law, or action of any kind or character whatsoever, whether by any government or agency thereof, or by any corporation, person, association of persons, firm, or individual.

"Fourth. It is further agreed that the said twin screw motor freighter Mary Mc shall not be removed from present location, Pier 18, city of Galveston, Galveston county, Tex., until said charterer has furnished good and acceptable bond in some surety company, or by other sureties accepted by said owner, in the amount of five thousand dollars ($5,000.00) conditional upon the full and faithful performance of this contract and every portion thereof as herein set out, and upon the covenants of said bond as therein contained, and said bond, up to the full face thereof, shall be liable under the terms of this contract not only for the stated value of said boat in the sum of five thousand dollars ($5,000.00), less charter fees as hereinabove stated, but for any and all other damages that may accrue to the owner thereof or for which it may become liable up to the full face and amount of said bond, which shall not be exhausted by any one suit or demand thereon or thereunder, but may be sued on as often as said owner may deem necessary under the terms of this contract and of the bond itself, until the full amount of five thousand dollars ($5,000.00) therein provided for shall have been exhausted.

"It is further agreed between Pearce Forwarding Company and T. J. Anderson that the aforesaid sureties mentioned in fourth section of original contract shall consist of marine insurance policy in a reliable company in favor of owners. The aforesaid insurance policy or contract is to cover liabilities as actually specified in such policy for not less than five thousand dollars ($5,000.00) lawful currency of the United States. In addition to the aforesaid insurance, it is agreed that the charterer shall furnish surety bond of the Southern Bonding Company in amount of one thousand dollars ($1,000.00) to cover loss or damage to twin screw motor freighter Mary Mc not fully covered by aforesaid marine insurance policy.

"This document shall be attached to and become part of the original charter contract of the twin screw motor freighter Mary Mc entered into by Pearce Forwarding Company and T. J. Anderson."

The boat with all of its appurtenances and properties was lost while in possession of Anderson under the lease contract. The plaintiffs' petition alleges that the value of the boat and its equipment and properties was $8,000.

The $5,000 marine insurance was paid appellees by the company which executed said policy. The appellants deny liability upon the bond sued on upon the ground that it was not intended to cover loss of the value of the property which they say was fully covered by the $5,000 insurance policy, but was only intended to indemnify against the loss or damage specified in the contract other than the value of the boat and its equipment, and, as appellees sustained no such loss, they are

not entitled to recover anything on the bond.

The cause was tried with a jury in the court below; the only issue submitted for the jury to determine being the value of the boat at the time of its loss. The jury found such value to be $7,000. Upon the return of this verdict the court rendered judgment for appellees in the sum of $1,000.

The first, second, and third assignments of error presented in appellants' brief and the proposition submitted thereunder are as follows:

First. "The court erred in refusing to give to the jury the special charge requested by defendants, instructing the jury to bring in a verdict for defendants."

Second. "The court erred in failing to instruct the jury that the parties by their contract had agreed on the value of the said launch Mary Mc, and there being no evidence in the record of any damages suffered by the plaintiffs other than for the loss of the said launch Mary Mc, they should bring in a verdict for the defendants."

Third. "The court erred in failing to instruct the jury that the plaintiffs and defendants having agreed by their contract as to the value of the said launch Mary Mc in the sum of $5,-000, and, there being no evidence in the record of any damages suffered by plaintiffs, other than the loss of said launch Mary Mc, they should bring in a verdict for the defendants."

Proposition. "The value of the Mary Mc, her fixtures, appliances, engines, boats, furniture, apparel, and accessories, was by the contract of charter in writing stipulated and stated to be $5,000, and no more, and that sum has been fully paid to appellees as marine insurance for the loss of the Mary Mc, her fixtures, appliances, engines, boats, furniture, apparel, and accessories. Since there was no loss, damage, or liability not fully covered by aforesaid marine insurance policy, there is not, and cannot be, any liability upon the appellants for a breach of a condition which provides that they shall be further liable to the extent of $1,000 only for 'loss and damage not fully covered by aforesaid marine insurance policy.'"

These assignments and proposition present the only material question raised by the record.

The evidence shows that, when the contract of lease requiring an indemnity bond in the sum of $5,000 was prepared, the parties did not think a policy of marine insurance could be obtained, and when such policy was subsequently obtained for $5,000 "upon the good motorboat called Mary Mc, her body, tackle, apparel, furniture, stores, supplies, engines, machinery, and appurtenances," it was agreed by the parties that the bond provided for in paragraph 4 of the contract should be reduced from $5,000 to $1,000. This bond, as appears from its recitals before set out, not only covered the loss or damage to the boat and its properties and appurtenances, but also any loss or damage that appellees might suffer by the failure of the appellant Anderson to comply with the provision of paragraph 3 of the contract before set out. The policy of marine insurance states that the value of the boat is $6,000, and the insured is authorized to obtain insurance thereon in addition to the $5,000 up to the full amount of $6,000. Anderson was the surveyor at the port of Galveston for the company who issued the policy to appellees, and testified that he agreed to the valuation stated in the policy.

The undisputed evidence shows that appellees sustained no loss or damage other than the value of the boat and its properties.

[1] We cannot agree with appellants in their contention that the bond sued on, construed with the contract under which it was executed, and in the light of the circumstances shown by the evidence, did not obligate and bind them to pay anything for the loss of the boat. The bond by its terms obligated appellants to pay $1,000 for the loss of the boat, and there is no allegation that the obligation to pay for the boat was inserted in the bond by mutual mistake, and if the evidence raises such issue in the absence of such allegations, that issue is not in the case. The statement in the contract as originally written that the value of the boat is fixed at $5,-000 must be considered in connection with the fact that when this valuation was fixed it was only contemplated that appellants should furnish appellees an indemnity bond for $5,000 covering the loss of the boat, and also the other loss and damage provided against in the contract, and it is evident that the value of the boat was then fixed at $5,-000 to protect appellees in event of loss to full extent of the required bond. When the insurance policy was obtained to protect appellees in the sum of $5,000 against the loss of the boat, it was agreed that an indemnity bond for $1,000 should be furnished by appellant Anderson to cover loss or damage to the boat not fully covered by the insurance policy. This policy, which was procured by Anderson for the protection of appellees, fixed the value of the boat at $6,000, and insured it for $5,000 of that amount, with express permission to the insured to obtain additional insurance thereon of $1,000.

[2] Upon these facts we do not think the clause in the contract that the $1,000 bond was to cover loss or damages "not fully covered by the insurance policy" must be construed to mean that it was only to cover loss or damage other than the value of the boat. The insurance policy did not cover any of such loss or damage, and if such loss or damage only was referred to, it could not properly have been described as loss or damage not "fully" covered by the insurance policy. If the $1,000 value of the boat covered by the policy was intended to be provided against by the bond, the term "loss or damage not fully covered by the insurance policy" was accurately used. The evidence was sufficient to sustain the finding of the jury that the value of the boat was $7,000. We think appellees were entitled to recover the $1,000 which the appellants agreed by their bond they would pay in event the boat was lost.

The remaining assignments of error complain of the admission of testimony as to the value of the boat. We think none of said

assignments is meritorious, and each of them is overruled without discussion.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.